IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MARIO RAMIREZ-VEGA,<br><br>Defendant. | Case No. 1:25-cr-42<br><br>**DEFENDANT'S STATEMENT IN SUPPORT OF JUDICIAL ORDER OF REMOVAL** |

Mario Ramirez-Vega, Defendant in the above-captioned criminal proceeding, hereby states as follows:

1. My true and correct name is Mario Ramirez-Vega.

2. I received from the United States a Notice of Intent to Request Judicial Order of Removal ("Notice"). I am the person identified in that document and I waive my right, pursuant to Section 238(c)(2)(A) of the Immigration and Nationality Act of 1952, as amended ("INA"), 8 U.S.C. § 1228(c)(2)(A), to have the Notice served upon me prior to the commencement of the trial or entry of a guilty plea in this case.

3. I received from the United States the Application for and Factual Allegations in Support of Judicial Order of Removal. I waive my right, pursuant to Section 238(c)(2)(B) of the INA, that is, 8 U.S.C. § 1228(c)(2)(B), to have the Factual Allegations in Support of Judicial Order of Removal ("Allegations") served 30 days prior to sentencing.

4. My rights in a judicial removal proceeding have been fully explained to me by my attorney, Jeffrey C. Sowash. After consultation with counsel and understanding

the legal consequences of doing so, I knowingly and voluntarily waive the right to the notice and hearing provided for in Section 238(c)(2) of the INA, that is, 8 U.S.C. § 1228(c)(2), and further waive any and all rights to appeal, reopen, reconsider, or otherwise challenge any order of removal. I understand the rights I would possess in a contested administrative proceeding, and I waive these rights, including my right to examine the evidence against me, present evidence on my own behalf, and cross-examine witnesses presented by the United States. I understand these rights and waive further explanation by the Court.

5. I admit that all of the factual allegations set forth in the Allegations are true and correct as written.

6. I concede that I am removable from the United States, because I am an inadmissible alien under Title 8, United States Code, Section 1182(a)(6)(A)(i).

7. I waive any and all rights I may have to any and all forms of relief or protection from removal, deportation, or exclusion under the INA, and related federal regulations. These rights include, but are not limited to, the ability to apply for the following forms of relief or protection from removal: asylum; withholding of removal under Section 241(b)(3) of the INA, that is, 8 U.S.C. § 1231(b)(3); any protection from removal pursuant to Article 3 of the United Nations Convention Against Torture, including withholding or deferral of removal under 8 C.F.R. §§ 208.16-17 and 1208.16-17; cancellation of removal; adjustment of status; registry; *de novo* review of a denial or revocation of temporary protected status (current or future); waivers under Sections 212(h) and 212(i) of the INA, that is, 8 U.S.C. § 1182(h) and (i); visa petitions; consular

processing; voluntary departure or any other possible relief or protection from removal available under the Constitution, laws, or treaty obligations of the United States.

    8.    I agree to the entry of a stipulated judicial order of removal pursuant to Section 238(c)(5) of the INA, that is, 8 U.S.C. § 1228(c)(5). I acknowledge that I have not been persecuted in, and have no present fear of persecution in Mexico, the country of my nativity and citizenship. I further acknowledge that I have not been tortured in, and have no present fear of torture in Mexico, the country of my nativity and citizenship.

    9.    I consent to the introduction of this statement as an exhibit to be filed in connection with these judicial removal proceedings. I further agree to make the judicial order of removal a public document, waiving my privacy rights, including any privacy rights that might exist under 8 C.F.R. § 208.6.

    10.    I agree to assist Immigration and Customs Enforcement ("ICE") in the execution of my removal. Specifically, I agree to assist ICE in the procurement of any travel, identity, or any other documents necessary for my removal; to meet with and to cooperate with representatives of any country to which I may by statute be removed if ICE so requests; and to execute any forms, applications, or waivers needed to execute or expedite my removal. I further understand that my failure or refusal to assist ICE in the execution of my removal may subject me to criminal penalties under Section 243 of the INA, that is, 8 U.S.C. § 1253.

    11.    I concede that the entry of a judicial order of removal renders me permanently inadmissible to the United States. I agree that I will not enter, attempt to enter, or transit through the United States without first seeking and obtaining permission

to do so from the Secretary of Homeland Security or other designated representative of the U.S. government.

12. I will accept a written order issued by this Court for my removal from the United States to Mexico, and I waive any and all rights to challenge any provision of this statement in any United States or foreign court or tribunal.

Dated: June 6, 2025

_____
MARIO RAMIREZ-VEGA
Defendant

Dated: June 6, 2025

_____
JEFFREY C. SOWASH
Attorney for Defendant